UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| AUTOMATED CREEL SYSTEMS, INC., a Georgia Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHAW INDUSTRIES GROUP, INC., a Georgia Corporation,<br><br>Defendant. | CIVIL ACTION NO.:<br>1:18-cv-01195-WMR<br><br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO SHAW INDUSTRIES GROUP, INC.'S MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO 35 U.S.C. § 315(E) ESTOPPEL**

Automated Creel Systems, Inc. (hereinafter "ACS"), pursuant to Fed. R. Civ. P. 56, and N.D. Ga. LR 7.1 and 56.1, hereby files this Response in Opposition to Shaw Industries Group Inc.'s (hereinafter "Shaw") Motion for Leave to File a Surreply in Opposition to ACS' Reply concerning the Motion seeking Partial Summary Judgment pursuant to 35 U.S.C. §315(e)(2) (hereinafter the "Reply") against the Invalidity Claims raised by Shaw against the claims of U.S. Patent No. 7,806,360 (hereinafter "the '360 Patent").

"Neither the Federal Rules of Civil Procedure nor this Court's Local Rules authorize the filing of surreplies." *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005); *Garrison v. Ne. Georgia Med. Ctr., Inc.*, 66 F. Supp. 2d 1336, 1340 (N.D. Ga. 1999) ("No authorization exists in the Federal Rules of Civil Procedure or the local rules for the Northern District of Georgia for parties to file surreplies."). Indeed, in light of this lack of authorization, "surreplies…may only be filed under unusual circumstances, such as when a party raises new arguments in a reply brief." *Chemence Med. Products, Inc. v. Medline Indus., Inc.*, 119 F. Supp. 3d 1376, 1383 (N.D. Ga. 2015). Of particular import here, however, if the alleged "new arguments simply respond to arguments raised in a response brief, no surreply is warranted." *Id*. "[T]o allow such surreplies as a regular practice would put the court in the position of refereeing an endless volley of briefs." *Henley v. Turner Broad. Sys., Inc.*, 267 F. Supp. 3d 1341, 1349 (N.D. Ga. 2017) (quoting *Fedrick,* 366 F.Supp.2d at 1197).

Likely aware of the disfavor in this District of the practice of surreply filings, Shaw's instant Motion suggests that an additional substantive brief is necessary because, *as it claims*, ACS has raised "new" issues in its Reply brief. *See generally* [Dkt. No. 106]. Such characterization, however, is flatly incorrect as ACS's Reply contains only arguments and evidence that are in *direct response* to, and *directly*

*necessitated by*, statements and arguments *raised by Shaw* in its Response in Opposition to ACS's Motion for Partial Summary Judgment. C*ompare* [Dkt. No. 100, Shaw's Opposition Response] *with* [Dkt. No. 105, ACS's Reply]. As mentioned above, surreplies are simply not warranted under such a scenario. *See Roelle v. Cobb Cty. Sch. Dist.,* 2014 WL 4457235, at *9 (N.D. Ga. Sept. 10, 2014) ("If the new arguments raised in a reply brief directly address arguments raised in the non-movant's response, no surreply is warranted"); *see also Chemence*, 119 F. Supp. 3d at 1383 ("If…the new arguments simply respond to arguments raised in a response brief, no surreply is warranted."). Nevertheless, ACS addresses the three specific points raised by Shaw in its instant Motion.

**Shaw Point 1**.   At bar, Shaw claims that ACS argued for the first time that the "Waring Creel" was disclosed in printed publications and that "Shaw had no opportunity to respond to this argument." [Dkt. No. 106, at 2]. Such an accusation of "new" evidence is misleading. For example, Shaw neglects to inform this Court that ACS was merely responding to: (i) the *argument made by Shaw* in its Opposition Response that "The Waring Creel, unlike Ligon '082 and Miller, is not a patent or printed publication"; and (ii) *Shaw's affirmative statement* in its Opposition Response that it intended to present "evidence, including live testimony, regarding Waring Creels' operation" at trial. [Dkt. No. 100, at 11, 20].

ASC's response to this contention was thus unequivocally *invited by Shaw*, and was, in fact, necessary in order to not appear as if ACS conceded the points raised by Shaw concerning the Waring Creel. Stated differently, the argument that the Waring Creel was available in printed publication form was not a new argument at all; instead, it was a point addressed in *direct response* to Shaw's statements within its Opposition Response. Such a scenario does not support the unusual filing of a surreply.  *See Roelle.,* 2014 WL 4457235, at *9; *see also Chemence*, 119 F. Supp. 3d at 1383.

**Shaw Point 2**.    Shaw next claims that ACS has misinterpreted case law, specifically claiming that ACS has miscounted the number of courts to have substantively analyzed the effects of a particular issue addressed in the summary judgment briefings. *See* [Dkt. No. 106, at 2]. Such an argument simply cannot be used to trigger the unusual relief of being able to file a surreply. Firstly, Shaw made numerous statements in its Opposition Response that characterized the holdings of various courts, [Dkt. No. 100, *passim*], thereby inviting ACS's rebuttal to the case law *raised by Shaw*. In other words, ACS's responsive analysis of caselaw is, once again, *in direct response* to Shaw's caselaw analysis, and is not the sort of "new" argument that would warrant the unusual filing of a surreply. Secondly, while ACS stands behind the statements within its Reply, it also notes that the Court is

extremely capable of analyzing legal decisions and reaching its own conclusion as to whether ACS is correct on this issue, without the need for additional briefing by Shaw. If a mere disagreement between parties on the interpretation of caselaw were sufficient to permit an unusual surreply filing, briefing would have no visible end. *See Henley*, 267 F. Supp. 3d at 1349 ("to allow such surreplies as a regular practice would put the court in the position of refereeing an endless volley of briefs.").

**Shaw Point 3**.    Finally, Shaw also contends that ACS presented "new" evidence in ACS's Response to Shaw's Statement of Additional Facts, and such should independently warrant the filing of a surreply. *See* [Dkt. No. 106, at 2]. Specifically, Shaw takes issue with ACS's statements and evidence that: (1) the MC12-20 creel was available in printed publication form in 2012, [Dkt. No. 105-2]; (2) the MC12-20 creel is not prior art to the '360 Patent, [Dkt. 105-4, 3]; and (3) if Shaw believes the MC12-20 creel is prior art to the '360 Patent, nothing in the instant litigation caused that belief and, therefore, Shaw should have pursued this theory in its 2013 IPR attacks against the '360 Patent. *See id*. Once again, however, ACS's arguments on these points are in *direct response* to Shaw's statements in its Opposition Response. In this instance, these citations to the record by ACS were in *direct reply to Shaw's arguments* that: (1) "While the MC12-20 Mobile Creel is prior art, Shaw could not have asserted it during the IPR"; and (2)

"ACS only recently revealed that it did in fact offer to sell the MC12-20 Mobile Creel prior to October 16, 2007." *See* [Dkt. No. 100, at 25]. Clearly, ACS's statements here were, again, in *direct response* to Shaw's arguments, and thus cannot be used to trigger the unusual permission of filing a surreply. *See Roelle.,* 2014 WL 4457235, at *9; *see also Chemence*, 119 F. Supp. 3d at 1383.

**WHEREFORE**, for all of the foregoing reasons, Plaintiff, Automated Creel Systems, Inc., respectfully requests that this Court enter an Order denying the Motion for Lave to File a Surreply filed by Defendant, Shaw Industries Group, Inc., and for such further and additional relief this Court deems appropriate under the circumstances.

**Dated: October 3, 2019.**

Respectfully submitted,

**THE CONCEPT LAW GROUP, P.A.**
6400 North Andrews Avenue, Suite 500
Fort Lauderdale, Florida 33309
(t): 754.300.1500; (f): 754.300.1501

/s/ Alexander D. Brown/
ALEXANDER D. BROWN, ESQ.
GA. BAR NO. 902761
abrown@conceptlaw.com
SCOTT D. SMILEY, ESQ. (*Pro hac vice*)
scott@conceptlaw.com
ADAM S. GOLDMAN, ESQ. (*Pro hac vice*)
agoldman@conceptlaw.com

*Counsel for Plaintiff*

## CERTIFICATE OF COMPLIANCE

**I HEREBY CERTIFY** that the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in Local Rule 5.1(C) and 7.1(D).

**Dated: October 3, 2019.**

                            **THE CONCEPT LAW GROUP, P.A.**
                            6400 North Andrews Avenue, Suite 500
                            Fort Lauderdale, Florida 33309
                            (t): 754.300.1500; (f): 754.300.1501

            By:    /s/ Alexander D. Brown/
                            ALEXANDER D. BROWN, ESQ.
                            GA. BAR NO. 902761
                            abrown@conceptlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 3, 2019, I have electronically filed the foregoing document, with the Clerk of Court using the CM/ECF Systems, which will automatically send e-mail notification of such filing to the attorneys of record identified on the below service list.

        **THE CONCEPT LAW GROUP, P.A.**
        6400 North Andrews Avenue, Suite 500
        Fort Lauderdale, Florida 33309

    By:    /s/ Alexander D. Brown/
        ALEXANDER D. BROWN, ESQ.
        GA. BAR NO. 902761
        abrown@conceptlaw.com

## SERVICE LIST

| | |
|---|---|
| Thad C. Kodish, Esq.<br>GA Bar 427603<br>tkodish@fr.com<br>Erin P. Alper, Esq.<br>GA Bar 940408<br>alper@fr.com<br>Charles N. Reese, Esq.<br>GA Bar 455637<br>creese@fr.com<br>**FISH & RICHARDSON P.C.**<br>1180 Peachtree St., N.E., 21st Floor<br>Atlanta, GA 30309<br>(t): 404.892.5005; (f): 404.892.5002<br><br>*Counsel for Defendant* | Peter G. Herman, Esq.<br>**The Herman Law Group, P.A.**<br>1401 E. Broward Blvd., Ste. 206<br>Fort Lauderdale, FL 33301<br>Email: pgh@thlglaw.com<br><br>*Co-Counsel for Plaintiff* |